An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON AND ESTATE OF: LENA MAE LUNDY, AN ADULT WARD.

IN THE MATTER OF THE ESTATE OF LONNY GOODRICK, DECEASED.

MICHAEL SPES,
Appellant,
vs.
LENA MAE LUNDY, AN ADULT WARD; AND KAYCEE ZUSMAN, GUARDIAN FOR THE ADULT WARD,
Respondents.

No. 59131

FILED

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying an NRCP 60(b) motion for relief from a probate order. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

Having considered the parties' arguments and the record before us, we conclude that the district court did not abuse its discretion by denying appellant's motion for relief from the probate order because substantial evidence supported the district court's conclusion that the decedent was a resident of Douglas County, Nevada at the time of his death, *see Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (explaining that the district court has broad discretion in deciding an NRCP 60(b) motion and that the court's decision will not be set aside absent an abuse of that discretion), giving the district court jurisdiction

over the probate estate. *Cf.* NRS 136.010(1) (providing that a will may be proved "in the county where the decedent was a resident at the time of death"). In particular, there was evidence from which the district court could have reasonably found that the decedent had been living in Nevada for eight months before his death, with the intent to remain indefinitely. *See* NRS 10.155 (defining legal residence as "that place where the person has been physically present within the State or county, as the case may be, during all of the period for which residence is claimed by the person"); *see also Vaile v. Eighth Judicial Dist. Court*, 118 Nev. 262, 269, 44 P.3d 506, 511 (2002) (explaining that residency requires an intent to reside in Nevada for an indefinite period of time and physical presence in the state). Thus, the district court did not abuse its discretion by denying appellant's NRCP 60(b) motion on the grounds that jurisdiction was proper and no fraud had occurred.[1]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]In light of this conclusion, we need not address the district court's additional grounds for denying the motion, although we note that appellant largely failed to address the remaining portions of the district court's order.

cc:    Ninth Judicial District Court Dept. 1
Nicholas F. Frey, Settlement Judge
John C. Smith
Rowe Hales Yturbide
Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A